UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

           -against-

ESTATE OF IRENE NEGOSH,
BARBARA NEGOSH, as Heir of Irene
Negosh, JESSICA LOMBARDO
WSZALEK, as Heir of Irene Negosh,
PEOPLE OF THE STATE OF NEW YORK,
JOHN DOES #1-10, and XYZ
CORPORATION, said names being fictitious,
but intending to designate tenants, occupants
or other persons, if any, having or claiming
any estate or interest in possession upon the
premises or any portion thereof
528 Washington Avenue, Lindenhurst,
Village of Babylon, County of Suffolk, and
State of New York,

                Defendants.
----------------------------------------------------X

ORDER
11-CV-4405(SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★  SEP 28 2012  ★

LONG ISLAND OFFICE

FEUERSTEIN, District Judge:

On September 12, 2011, plaintiff United States of America ("the United States") commenced this action against defendants Estate of Irene Negosh ("the estate"), Barbara Negosh ("Negosh"), Jessica Lombardo Wszalek ("Wszalek"), People of the State of New York ("the State") and "John Does Nos. 1-10" and "XYZ Corporation" (collectively, "the Doe defendants"), as fictitious tenants, occupants or other persons, if any, having or claiming any estate or interest in possession upon the premises, or any portion thereof, located at 528 Washington Avenue, Lindenhurst, New York ("the mortgaged premises"), seeking, *inter alia*, to foreclose upon the mortgaged premises. Pending before the Court are: (1) the motions of Negosh seeking, *inter*

1

*alia*, (a) in effect, dismissal of the complaint (i) in its entirety for lack of subject matter jurisdiction and, alternatively, (ii) as against her co-defendants on the basis that they are not proper parties to this action (Doc. No. 7), (b) an extension of time to oppose the United States' motion for the entry of a default judgment (Doc. No. 14), and (c) to compel the denial of the United States's pending motions (Doc. No. 18); and (2) the motions of the United States seeking, *inter alia*, (a) the entry of a default judgment against Wszalek and the voluntary dismissal of its claims against the State and Doe defendants (Doc. No. 16), and (b) a conference before this Court (Doc. No. 17). For the reasons set forth below, Negosh's motions are denied and the United States's motions are granted in part.

I. Background

A. Factual Background

On or about December 13, 2004, Irene Negosh ("the decedent") took out a United State's Home Equity Conversion Mortgage by executing and delivering to Wells Fargo, N.A. an adjustable rate note ("the Notes") and mortgage ("the Mortgage") in the amount of four hundred thirty-five thousand four hundred seventy-eight dollars and fifty cents ($435,478.50) on the mortgaged premises. (Compl., ¶¶ 3, 5). The Mortgage was subsequently assigned to the Secretary of the United States Housing and Urban Development. (Compl., ¶ 6).

The decedent died on May 1 2009, (Compl., ¶ 8), and when full and immediate payment of the Notes was not made, and real property taxes upon the mortgaged premises were not paid, the United States deemed the Notes and Mortgage to be in default and the outstanding balance was accelerated in accordance with the terms of the Notes. (Compl., ¶¶ 9-10). According to the

2

United States, the total amount due and owing on the Notes and Mortgages, inclusive of interest, insurance, taxes and administrative charges, is three hundred eleven thousand two hundred ninety-three dollars and seventy-three cents ($311,293.73).[1] (Compl., ¶ 11).

B. Procedural History

On September 12, 2011, the United States commenced this action against the estate, Negosh, Wszalek, the State and the Doe defendants seeking, *inter alia*, to foreclose upon the mortgaged premises.

II. Discussion

A. Jurisdiction

28 U.S.C. § 1345 provides, in relevant part, that "[e]xcept as otherwise provided by Act of Congress, the [federal] district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States * * *." Thus, this Court clearly has subject matter jurisdiction over this action.

"Federal courts, though courts of limited jurisdiction, * * *, in the main have no more right to decline the exercise of jurisdiction which is given, then to usurp that which is not given." Mims v. Arrow Financial Services, L.L.C., 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012) (quotations and citations omitted). Where, as here, federal courts and state courts exercise concurrent jurisdiction over the same subject matter, "a federal court generally need neither

---

[1] As of November 30, 2011, the total payoff amount was increased to three hundred eighteen thousand two hundred seventy-nine dollars and fifty cents ($318,279.50). (Affirmation of Dolores M. Iannarone ["Iannarone Aff."], ¶ 5).

3

abstain (i.e., dismiss the case before it) nor defer to the state proceedings (i.e., withhold action until the state proceedings have concluded." Growe v. Emison, 507 U.S. 25, 32, 113 S. Ct. 1075, 122 L. Ed. 2d 388 (1993). Only in "rare circumstances * * * [will] principles of federalism and comity dictate otherwise." Id.; see also Colorado River Water Conservation District v. United States, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ("Abstention from the exercise of federal jurisdiction is the exception, not the rule * * * [and is justified] only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." (quotations and citations omitted)). "It was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." Colorado River, 424 U.S. at 813-14, 96 S. Ct. 1236. Moreover, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction. Exxon Mobil Corporation v. Saudi Basic Industries Corp., 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005) (quotations and citations omitted); see also Colorado River, 424 U.S. at 827, 96 S. Ct. 1236.

Although Negosh seeks to have this case "transferred" to the Supreme Court of the State of New York, County of Suffolk, this is not one of those "rare" cases in which the principles of federalism and comity dictate abstaining from exercising jurisdiction or staying this action pending resolution of any state action involving the same subject matter. Accordingly, the branches of Negosh's motion, in effect, seeking to have this action dismissed for lack of subject matter jurisdiction, or to have this Court abstain from exercising jurisdiction or stay this action pending resolution of any state court action involving the same subject matter, are denied.

B.  Necessary Parties

Negosh claims to be the only party with an interest in the mortgaged premises, (Affirmation of Barbara Negosh [Negosh Aff.], at 1), and, in effect, seeks dismissal of the remaining defendants as improperly joined in this action.

Although Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "the court may at any time, on just terms, add or drop a party" who was improperly joined in an action, it cannot be determined at this stage of the proceedings whether any of the defendants were improperly joined in this action. If the contention of the United States that Wszalek is the decedent's heir is correct, she is a necessary party to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure. Moreover, since the State has a possible interest in collecting outstanding estate taxes on the mortgaged premises, it is also a necessary party to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure. Accordingly, the branch of Negosh's motion, in effect, seeking dismissal of her co-defendants as improperly joined in this action is denied.

C.  Other Motions Pending Before this Court

1.  Motion for Extension of Time (Doc. No. 14)

Negosh's request for additional time to respond to the United State's request for the entry of a default judgment against her is denied since there is currently no such motion pending before this Court. Rather, the United States has moved, *inter alia*, for the entry of a default judgment against Wszalek only.

2. Motion for Default Judgment and Voluntary Dismissal of Claims (Doc. No. 16)

The branch of the United States's motion seeking the entry of a default judgment against Wszalek is deferred pending a hearing to be held before me in Courtroom 1010 of the Central Islip Courthouse, 100 Federal Plaza, Central Islip, New York, 11722, **on October 18, 2012 at 11:15 a.m.** However, the branches of the United States's motion seeking to voluntarily dismiss this action as against the State and John Doe defendants pursuant to Rule 41(a)(1) are granted and the action is dismissed without prejudice as against the State and John Doe defendants.

3. Motion for Conference (Doc. No. 17)

The United States's motion for a conference is granted to the extent that a conference will be held before me in Courtroom 1010 of the Central Islip Courthouse, 100 Federal Plaza, Central Islip, New York, 11722, **on October 18, 2012 at 11:15 a.m.**, and the motion is otherwise denied without prejudice to renewal, if necessary, following the conference. Moreover, to the extent Negosh's opposition to this motion (Doc. No. 18) seeks any relief, e.g., to compel the denial of the United States's pending motions, that motion is also denied without prejudice to renewal, if necessary, following the conference.

III. Conclusion

For the foregoing reasons: (1) Negosh's motion to dismiss (Doc. No. 7) is denied in its entirety; (2) Negosh's motion for an extension of time to oppose the United States's motion seeking the entry of a default judgment (Doc. No. 14) is denied; (3) the branch of the United

6

States's motion seeking the entry of a default judgment against Wszalek (Doc. No. 16) is deferred pending a hearing to be held before me on October 18, 2012 at 11:15 a.m.; (4) the branches of the United States's motion seeking to voluntarily dismiss this action as against the State and Doe defendants pursuant to Rule 41(a) of the Federal Rules of Civil Procedure (Doc. No. 16) are granted and the complaint is dismissed in its entirety without prejudice as against the State and Doe defendants; (5) the branch of the United States's motion seeking a conference (Doc. No. 17) is granted to the extent that a conference will be held before me on October 18, 2012 at 11:15 a.m., and that motion is otherwise denied without prejudice; and (6) Negosh's motion to compel (Doc. No. 18) is also denied without prejudice.

The Clerk of the Court shall serve notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* defendants at their last known addresses. Fed. R. Civ. P. 5(b)(2)(C).

SO ORDERED.

s/ Sandra J. Feuerstein

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 28, 2012
Central Islip, New York